IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Criminal No. 2:04-041 |
| v. ) | |
| ) | **ORDER** |
| Kendal J. White ) | |
| ) | |
| _____) | |

This matter is before the court upon Kendal J. White's ("White" or "Defendant") appeal of a sentence imposed by the Honorable George C. Kosko, United States Magistrate Judge, on February 13, 2008. Magistrate Judge Kosko found that White violated the terms and conditions of his supervised release and sentenced him to ten months imprisonment. This court affirms White's sentence.[1]

I

On January 15, 2003, Defendant was arrested and charged with Misdemeanor Simple Possession of Marijuana in the United States District Court for the Eastern District of Virginia, Norfolk Division. A Misdemeanor Information charging him with that crime was filed in that district court on March 13, 2003. On January 20, 2004, White consented to transfer this case to the United States District Court for the District of South Carolina for purposes of a guilty plea, and the case was assigned to Magistrate Judge Kosko.

---

[1] Neither party requested oral argument, and the court concludes that such argument would not assist in the decisional process. The court therefore determines the matter on the basis of White's brief and the record. *See United States v. Jacobs*, 815 F. Supp. 898 (D.S.C. 1993) (affirming, in an order written by then-District Judge Shedd, a sentence imposed by a Magistrate Judge without oral argument (citing *United States v. Darst*, 726 F. Supp. 286 (D. Kan. 1989)); *United States v. Anderson*, 787 F. Supp. 537, 538 (D. Md. 1992) (stating, in the context of an appeal of a sentence imposed by a Magistrate Judge, that "[t]he matter has been briefed under the Local Rules of the Court, and no oral argument is deemed necessary").

White pled guilty to the Misdemeanor Simple Possession of Marijuana on March 4, 2004, and on April 29, 2004, Magistrate Judge Kosko sentenced White to two years probation. On April 21, 2005, White's conditions of supervision were modified, and he was ordered to reside at the Alston Wilkes Community Corrections Center for a period of six months. On February 6, 2008, a Probation Violation Report was prepared charging the Defendant with the following violations:

> **Violation No. 1: Failed to Participate in, and Successfully Complete, a Treatment Program for Substance Abuse**: On March 31, 2005, the offender was unsuccessfully terminated from Alternatives Life Improvement Center in North Charleston, South Carolina for being verbally abusive and disrespectful during group sessions. **(Grade C Violation)**
>
> **Violation No. 2: Failed to Work Regularly at a Lawful Occupation**: Throughout his term of supervision, the offender failed to provide verification of employment. **(Grade C Violation)**
>
> **Violation No. 3: Failed to Refrain from Illegal Drug Use**: The offender tested positive for marijuana on April 12 and 27, 2004. **(Grade C Violation)**
>
> **Violation No. 4: Failed to Reside at Alston Wilkes Community Corrections Center as ordered on April 21, 2005**: The offender never reported to the facility as directed. **(Grade C Violation)**
>
> **Violation No. 5: Failed to Submit Monthly Reports as Required**: The offender has not submitted a monthly report since March 2005. **(Grade C Violation)**
>
> **Violation No. 6: Failed to Pay Special Assessment Fee**: As of this date, the offender owes $25 towards his fee having paid nothing. **(Grade C Violation)**

Defendant appeared before Magistrate Judge Kosko on February 12, 2008, and admitted guilt as to violations 1, 3, 4, and 6, and he was found guilty of Violations 2 and 5.[2] Judge Kosko revoked Defendant's supervised release and sentenced him to ten months imprisonment. Defendant filed a Notice of Appeal on February 19, 2008, and on April 8, 2008, Mr. Robert Haley, White's counsel,

---

[2] Based on the record of the hearing, it appears White actually admitted to testing positive for marijuana on April 27, 2004, and April 12, 2005.

2

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).[3]

II

Rule 58 of the Federal Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 10 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). However, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); *see also* 18 U.S.C. § 3742(h) ("An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court."); *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit "review[s] probation revocation sentences . . . to determine if they are plainly unreasonable." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007); *see also United States v. Crudup*, 461 F.3d 433, 437 (4th Cir. 2006) (holding that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a) factors applicable to supervised release revocation sentences"). Because a sentence imposed by a Magistrate Judge is scrutinized under the same standard that an appellate court would apply to a sentence imposed by a District Judge, *see United States v. Clark*, 361 F. Supp. 2d 502, 505 (E.D. Va. 2005), this court reviews White's sentence to determine if it is plainly unreasonable.

---

[3]The Government requested that it not be required to file a brief in response. (*See* Doc. No. [37].)

III

In *Moulden*, the Fourth Circuit explained the procedure for determining whether a sentence imposed after revocation of a defendant's probation or supervised release is plainly unreasonable. *See Moulden*, 478 F.3d 652. The court stated that "*Crudup* directs that [the court] . . . first determine whether the sentence is unreasonable." *Id.* at 656 (citing *Crudup*, 461 F.3d at 438). The court further stated,

> This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. Of course, as always, the sentencing court must consider the policy statements contained in Chapter 7, including the policy statement range, as "helpful assistance," and must also consider the applicable § 3553(a) factors. At the same time, however, the sentencing court retains broad discretion to revoke a defendant's probation and impose a term of imprisonment up to the statutory maximum. The court must provide a statement of reasons for the sentence imposed, as with the typical sentencing procedure, but this statement need not be as specific as has been required for departing from a traditional guidelines range. Only if this modified "reasonableness" analysis leads us to conclude that the sentence was unreasonable, do we ask whether it is "plainly" so, relying on the definition of plain used in our plain error analysis–that is, clear or obvious.

*Id.* at 656-57 (internal quotation marks and citations omitted).

Having examined White's brief and the entire record in this case, the court concludes that there are no meritorious issues for appeal and that the sentence White received is not plainly unreasonable. White's sentence was reasonable, both procedurally and substantively. Magistrate Judge Kosko appropriately considered the advisory policy statement range provided for in the United States Sentencing Guidelines.[4] Pursuant to U.S.S.G. § 7B1.4, an individual convicted of a

---

[4]"There are no sentencing guidelines for violations of probation or supervised release." *Moulden*, 478 F.3d at 655; *see also* U.S.S.G. § 7B1.4. "Although Chapter 7 of the Guidelines includes a revocation table suggesting appropriate terms of imprisonment for each grade of violation at each criminal history category, the table itself is a 'policy statement' and not a 'guideline.'" *Moulden*, 478 F.3d at 655 (citing U.S.S.G. § 7B1.4).

Grade C violation with a criminal history category of III falls within the range of a sentence of five to eleven months. *See* U.S.S.G. § 7B1.4(a). Magistrate Judge Kosko acknowledged this range when he sentenced White within that range to a term of imprisonment of ten months.

Furthermore, while Magistrate Judge Kosko did not explicitly reference the factors listed in 18 U.S.C. § 3553(a), the record from the hearing indicates he implicitly considered the factors.[5] Specifically, Magistrate Judge Kosko indicated that White's initial guilty plea was for a drug infraction and that White admitted to testing positive for drugs twice while he was under supervision; Judge Kosko remarked that his approach concerning supervision "obviously did not work." In addition, Magistrate Judge Kosko noted that White failed to pay the $25 special assessment fee; failed to reside at the Alston Wilkes Community Corrections as required; and failed to complete the required treatment program for substance abuse. The court thus concludes Judge Kosko sufficiently analyzed the § 3553(a) factors and considered the arguments made by counsel. *See United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006) ("But this is not to say that the district court must robotically tick through § 3553(a)'s every subsection. To establish the reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record. This is particularly the case when the district court imposes a sentence within the applicable Guidelines range." (internal quotation marks and citations omitted)); *see also United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006). Because the court concludes White's sentence is reasonable, and because a review of the record reveals no meritorious issues for appeal, the court affirms the judgment of the Magistrate Judge.

---

[5] The court notes that White has not identified any factor in § 3553(a) that the Magistrate Judge failed to consider.

5

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the judgment of the Magistrate Judge is **AFFIRMED**.

   **AND IT IS SO ORDERED**.

*/s/ Patrick Michael Duffy*
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 20, 2008**